JOHN B. BOULANGER *vs.* WALTER HEBERT *et al.*

MAY 21, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

CAPOTOSTO, J.   This is a bill in equity by a creditor to set aside a conveyance of certain real estate in the town of Warren on the ground of constructive fraud.   After hearing on bill, answer and proof, a decree was entered in the superior court enjoining the respondents (1) from "transferring, mortgaging or otherwise encumbering the real estate described in said bill"; and (2) declaring "that the said real estate is held in trust by the parties respondent for the satisfaction and protection of the claim of John B. Boulanger."

The complainant did not appeal from this decree, al-

though the bill asked that the real estate be sold and the proceeds applied to the payment of his claim. The cause is before this court on the respondents' appeal from that decree, claiming as their reasons of appeal that the decree is against the law and the weight of the evidence.

Walter Hebert, as agent for the Hug Company, sold the complainant a truck for $5,400 on a lease contract with monthly payment of $252.13, and at the same time gave the complainant his written promise that he would furnish him with sufficient work to meet those payments. The complainant, thereupon, gave Hebert $1,000 in cash and a Chrysler automobile, at the agreed valuation of $700, as advance payment for the truck. The complainant was given work for two months and he promptly met two monthly instalments of $252.13 each, making a total of $2,204.26 that he paid on account of the truck. Shortly thereafter a disagreement over commissions having arisen between Hebert and the Hug Company, Hebert sued the Hug Company and in that suit attached the complainant's truck on April 1, 1930. Following this attachment and on that same day, the complainant and Hebert reached an understanding, as a result of which Walter Hebert gave the complainant a promise in writing, peculiarly worded but clear as to its intent, to the effect that if the complainant allowed the truck to remain under attachment and the case was either settled or the truck was sold to him at a sheriff's sale, he, Hebert, would resell the truck to the complainant for $1,000, payable in one year, otherwise he would pay the complainant $2,200. This paper, which was written by Walter Hebert, further provided that in case he failed to carry out his promise "Mr. and Mrs. Hebert agree to pay Mr. John Boulanger $2,200 within a reasonable rate of time", and it was signed by Walter Hebert, Mary Hebert and Felix Hebert, the last two being the mother and father of Walter Hebert.

The real estate now in question then stood in the names

of Mr. and Mrs. Hebert. Within a few days thereafter, Walter Hebert and his mother asked the complainant to return to them this writing, which the complainant refused to do, unless he was given the truck or $2,200. On April 10, 1930, Mary Hebert and Felix Hebert conveyed all the real estate they owned to their daughter Mary R. Sippen, who claimed, at the trial, that the real estate was conveyed to her for monies that she had loaned her parents. The present bill is brought to set aside this conveyance as being in fraud of the complainant.

The trial justice found from these facts that the complainant was a creditor of the respondents, that the transfer of the real estate from Mary Hebert and Felix Hebert to Mary R. Sippen was without consideration and with the purpose of hindering or defrauding the complainant, and that this purpose was known to Mary R. Sippen at the time of the conveyance. The respondents' main contention in their brief and at the hearing before us is that the agreement of April 1, 1930, is unenforceable because it is so ambiguous as to furnish no "basis of any contract rights." We disagree with this contention. It is obvious that the whole question here is narrowed down to the meaning placed by the parties on the writing of April 1, 1930. We have already stated what we consider the real intention of the parties as expressed in the words of these respondents themselves. Irrespective of all deficiency of language, the writing under consideration certainly is a promise by Walter Hebert either to sell the complainant the truck for $1000 or to pay him $2,200, which promise Mary and Felix Hebert guaranteed would be carried out within a reasonable time. Up to the time that this bill was filed on May 8, 1934, Walter Hebert had neither sold the complainant the truck for $1,000 nor paid him the $2,200, and the reasonable time had elapsed. Our reading of the transcript shows that all the findings of fact by the trial justice above set forth are fully supported by the evidence, and support the decree.

The complainant, notwithstanding the fact that he took no appeal in his own behalf, urged us at the hearing to enlarge the decree of the superior court by ordering a sale of the real estate to satisfy his claim. General laws, 1923, chap. 339, secs. 25, 26 and 27, provide that a "party aggrieved" by a final decree of the superior court may appeal to this court in a certain specified manner. The complainant has failed to comply with the provisions of these sections. It is not the intent of the statute to remove the cause by appeal to this court for a retrial. The general effect of the appeal is to bring before us merely the errors stated in the reasons of appeal of an appellant that has in fact appealed. The matter was fully considered by this court in *Vaill* v. *McPhail*, 34 R. I. 361, 371. See also *Shepard* v. *Springfield Fire & Marine Ins. Co.*, 42 R. I. 174, 186; *The Church Suits*, 49 R. I. 269, 273. The complainant, not having appealed in the manner prescribed by the statute, has elected to abide by the decree of the superior court. The question that he now tries to raise for the first time since the entry of that decree is not, therefore, properly before us. *Hazard* v. *Hope Land Co.*, 69 A. 602, (R. I.); *McElroy* v. *McCarville*, 71 A. 646, (R. I.).

We agree with the complainant that the trial justice should have ordered a sale of the real estate to satisfy his claim, but, as the case now stands, we cannot grant him the relief he seeks, even though his bill contains a specific prayer for such relief, as this matter is not before us on appeal in accordance with our well established practice in equity cases. We could not understand why the trial justice, who in his rescript finds that the complainant is entitled to the sum of $2,200 and that the real estate should be sold to satisfy that claim, did not order such sale, until we came to examine the case of *Cotugno* v. *Cranston Loan Co.*, 165 A. 781, (R. I.), which he cites as authority for his refusal to order the sale. In our opinion the *Cotugno* case is not controlling in the case at bar.

There is a marked and basic difference between the two cases. The court in the *Cotugno* case refused to order a reconveyance of the real estate upon which it had impressed a trust because at that time the prevailing party, the Cranston Loan Company, which had previously attached the real estate in an action at law as the property of one of the parties in the equity suit, had not yet obtained a judgment against the defendant in the law action. The circumstances in the instant case are entirely different. The action at law referred to in this case was brought in 1930 by Walter Hebert against the Hug Company for commissions allegedly due him, a matter of no concern to this complainant. Even though the complainant was made a defendant in that action by Hebert for some undisclosed reason, the record before us shows that shortly thereafter the complainant was released from any possible liability in that action at law by nonsuit. It is clear that in the instant case no action at law is pending in which the complainant is a party. When the prevailing party in the *Cotugno* case asked for a reconveyance, neither the liability nor the amount due, if any, had as yet been ascertained by a judgment, whereas in this case, after full hearing and upon competent and sufficient evidence, the trial justice found that the complainant was entitled to receive $2,200 from the Heberts and that they had transferred the real estate in suit to the respondent Sippen in order to avoid or delay the satisfaction of that claim.

Were it not for a misconception of the applicability of the *Cotugno* case to the facts in the case at bar, we believe that the trial justice would have ordered a sale of the real estate in this case as prayed for by the complainant. We are confident that on reflection and with our observations respecting the *Cotugno* case before him, the trial justice, upon proper application by the complainant, will amend the decree that was entered in this case so as to conform with the findings of fact as set forth in his rescript. An order for

the sale of the real estate in the decree will, in our opinion, end all litigation between the parties on a point that was fully considered and properly decided by the trial justice under all the evidence in the case.

The respondents' appeal is denied and dismissed; the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*Raoul Archambault,* for complainant.

*Benjamin Cianciarulo, Aram A. Arabian,* for respondents.